UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Apex IT, Inc.,                                          Civil No. 08-596 (JRT/FLN)

        Plaintiff,

        v.                                          **REPORT AND**
                                                        **RECOMMENDATION**

Rhema Bible College,

        Defendant.
_____

Thomas M. Fafinski, David S. Miller for Plaintiff.
Mark V. Steffenson for Defendant.
_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on December 5, 2008 on Defendant's Renewed Motion to Dismiss or, in the Alternative, to Transfer Venue [#25]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends Plaintiff's Motion be **GRANTED in part** and **DENIED in part**.

I.     **BACKGROUND**

Apex IT, Inc. ("Apex") served a summons and Complaint upon Rhema Bible College's ("Rhema") registered agent in Oklahoma on January 31, 2008. (Def. Mem. at 1.) The Complaint was titled Apex IT, Inc., Plaintiff v. Rhema Bible College, Defendant, captioned in Hennepin County, Minnesota, Fourth Judicial District Court. Rhema filed a notice of removal to this court on February 29, 2008. (Dkt. No. 1) In the Complaint, Apex alleges that it entered into three contracts with Rhema "to provide and implement certain information technology systems and solutions", (Compl. at ¶ 7.), and that Rhema has failed to pay all of the fees owed for those services. (Compl.

1

at ¶ 12.) The Complaint includes claims for Breach of Contract, Unjust Enrichment, Account Stated and Promissory Estoppel.

Rhema initially contacted Apex at its offices in Minnesota via telephone from Broken Arrow, Oklahoma to inquire about Apex's services. (Johnson Aff. at 12.) After this initial conversation, Apex representatives traveled to Broken Arrow, Oklahoma to offer its services to Rhema. (*Id.* at 13.) Apex presented several proposals to Rhema and negotiations related to these proposals occurred via telephone or email. (*Id*. at 14.) All alleged agreements entered into by Rhema were accepted and executed in Broken Arrow, Oklahoma. (*Id*. at 15.) During negotiations and the execution of the agreements, no Rhema officers, employees or agents ever visited the State of Minnesota. (*Id*. at 16.) Apex employees, on the other hand, in performing on the agreements traveled to Broken Arrow, Oklahoma and spent many days at Rhema's corporate offices. (*Id*. at 17.) Apex performed the bulk of its consulting services at Rhema's corporate offices in Broken Arrow, Oklahoma, as specified in the parties' September 15, 2008 contract which stated that "[a]ll implementation and project work will occur on location at the RHEMA Bible Training Center, Broken Arrow, OK, unless otherwise agreed upon." (*Id*. at 18; Declaration of Mark Steffenson, Exhibit B at Complaint's Ex. A.)

Rhema brought a Motion to Dismiss for Lack of Personal Jurisdiction which the Court denied without prejudice on July 28, 2008. The Court also gave the Defendant an additional 30 days to conduct discovery on the jurisdiction question. In the motion before the Court, Defendant renewed its Motion to Dismiss for Lack of Personal Jurisdiction and, in the alternative, requested a transfer of venue to the Northern District of Oklahoma. The Court recommends that Defendant's Motion to Transfer Venue be granted. The Plaintiff does not oppose Defendant's request to transfer

venue.

## II.    ANALYSIS

Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district or division where it might have been brought "[f]or the convenience of parties and witnesses, in the interests of justice."

### A.    The action could have properly been brought in the Northern District of Oklahoma.

Under 28 U.S.C. § 1391(a), a civil action in which jurisdiction is founded only on diversity of citizenship may be only be brought in:  (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Under sections (1) and (2) of the statute, this action could have been brought in the Northern District of Oklahoma.  Rhema has always been located in Broken Arrow, Oklahoma in the County of Tulsa, which is under the jurisdiction of the Northern District of Oklahoma.  Furthermore, all of the consulting services performed by Plaintiff took place at Rhema and this action is to recover fees charged for those services.

### B.    Convenience of the parties.

A moving party must show that "his inconvenience substantially outweighs the inconvenience that the plaintiff would suffer if venue were transferred."  *Nelson v. Soo Line*

*Railroad*, 58 F.Supp.2d 1023, 1026 (D. Minn. 1999). "Transfer should not be granted if the effect is simply to shift the inconvenience to the party resisting the transfer. *Id.* at 1027. There is a general presumption in favor of the plaintiff's choice of forum but that choice is given "significantly less deference" where plaintiff does not reside in the selected forum or the transaction or underlying facts did not occur in that forum. *Nelson v. Soo Line Railroad*, 58 F.Supp.2d 1023, 1026 (D. Minn. 1999).

Here, it is undisputed that the underlying facts occurred in Broken Arrow, Oklahoma, not in Minnesota. The Plaintiff provided computer consulting services to Defendant on location in Oklahoma, as was agreed upon in the parties' contract. The contract provides: "[a]ll implementation and project work will occur on location at the Rhema Bible Training Center in Broken Arrown, OK, unless otherwise agreed upon." (Compl. at Ex. F.) The Court therefore gives little deference to Plaintiff's choice of forum.

Here, Defendant has demonstrated that its inconvenience substantially outweighs that of the Plaintiff. Plaintiff's employees traveled to Oklahoma extensively to provide the services set forth in the contract. Furthermore, the documents, financial records at issue and computer software programmed by Apex are all located in Oklahoma.

**C.    It is more convenient for the witnesses to litigate in Oklahoma.**

Relevant considerations in addressing this issue include "the number of essential non-party witnesses, their location, and the preference of the courts for live testimony as opposed to depositions." *Nelson v. Soo Line Railroad*, 58 F.Supp.2d at 1027. In this case, the key non-party witness is a former employee of Rhema, Mr. Wayne Bearstler. He was the Director of IT at the time Rhema negotiated its agreement with Apex and oversaw Apex consultants as they

provided the IT services.  Mr. Bearstler resides within the Northern District of Oklahoma and is subject to its subpoena power.  Furthermore, Rhema's party witnesses reside within the Northern District of Oklahoma.  Any employees testifying on behalf of Apex would be required to travel to Oklahoma, but because Apex provided its services in Oklahoma, and its consultants were required to travel to Oklahoma to provide the services, requiring them to testify in Oklahoma, is relatively less inconvenient.

**D.      The interests of justice militate in favor of a transfer to Oklahoma.**

Under this prong, courts have considered: (1) judicial economy; (2) the plaintiff's choice of forum; (3) the comparative costs to the parties of litigating in each forum; (4) each party's ability to enforce a judgment; (5) obstacles to a fair trial; (6) conflict of law issues; and (7) the advantages of having a local court determine questions of local law.  *Terra Int'l, Inc. v. Miss. Chemical Corp.*, 119 F.3d 688, 696 (8th Cir. 1997).

**1.      Judicial Economy.**

This factor weighs in favor of transferring the case to the Northern District of Oklahoma because it has a lighter weighted caseload per judgeship than the District of Minnesota.  The Northern District of Oklahoma had 304 weighted filings per judgship in 2007 compared to 743 weighted filings per judgship in the District of Minnesota.  (Decl. of S. Greg Pittman at Ex. H.)

**2.      Plaintiff's choice of forum.**

As mentioned above, a Plaintiff's choice of forum receives less deference if the events giving rise to the claim did not occur in the chosen district.  Here the events giving rise to the claim predominantly occurred in the Northern District of Oklahoma, not in the District of

Minneosta.

**3.      Comparative costs of parties litigating in each forum.**

As discussed above, it is comparatively more convenient for Apex to litigate in Oklahoma than it is for Rhema to litigate in Minnesota.  This factor weighs in favor of transfer.

**4.      Each party's ability to enforce a judgment.**

Rhema has no assets in Minnesota upon which Apex could collect if judgment were entered in its favor in Minnesota.  On the other hand, if the judgment were entered in the Northern District of Oklahoma, the court would have jurisdiction over Rhema's assets and would therefore be able to enforce a judgment.

**5.      Obstacles to a fair trial.**

The Court agrees with Defendant that this is a neutral factor.

**6.      Conflict of law issues and the advantages of having local court determine questions of local law.**

The controlling law in this case is Oklahoma common law and therefore this factors weighs in favor of transfer.

The interests of justice weigh in favor of transferring the case to the Northern District of Oklahoma.

**III.      RECOMMENDATION**

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Renewed Motion to Dismiss or, in the Alternative, to Transfer Venue [#25] be **GRANTED in part** and **DENIED in part**, as follows:

   1.      Defendant's Motion to Dismiss should be **DENIED**; and

   2.      Defendants request to Transfer Venue should be **GRANTED**.

DATED: February 20, 2009        _s/ Franklin L. Noel_
                                  FRANKLIN L. NOEL
                                  United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **March 11, 2009**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **March 11, 2009,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.